Carni, J.
(dissenting in part). I respectfully disagree with the conclusion of my colleagues in appeal No. 2 that Supreme Court did not abuse its discretion in granting that part of plaintiff s post-trial motion for a new trial in the interest of justice with respect to defendant Ronald G. Basalyga, M.D. I otherwise agree with the remaining conclusions of my colleagues in appeal No. 2 and thus dissent only in part in that appeal.
In granting that part of plaintiffs post-trial motion for a new trial concerning Dr. Basalyga, the court simultaneously concluded that Dr. Basalyga’s failure to provide complete insurance information “denied the plaintiff the opportunity for a fair trial” but that it would be “speculation” to conclude that plaintiffs preparation for trial or his actions during trial would have been different with such information. Plaintiff, however, has offered no explanation of how his trial preparation or strategy would have been different had he been provided with complete insurance information in advance. Plaintiff has not shown that the absence of Dr. Basalyga’s insurance information “distorted] the true adversarial nature of the litigation process” (Matter of Eighth Jud. Dist. Asbestos Litig., 8 NY3d 717, 722 [2007]), or that it was “likely that the verdict [was] affected” by the late disclosure of Dr. Basalyga’s excess insurance coverage (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [1976]). Thus, I cannot conclude that plaintiff was denied a fair trial or that substantial justice has not been done. I would therefore deny that part of plaintiffs post-trial motion for a new trial in the interest of justice with respect to Dr. Basalyga and reinstate the verdict against him. Present— Scudder, EJ., Fahey, Garni, Sconiers and Martoche, JJ.